*1270 OPINION.
Murdoch :
The only issue in this proceeding involves the right of the petitioner to take an allowance for the years 1919 and 1920 by reason of the obsolescence of its plant. There is no question from the evidence that revolutionary changes in the window glass business to which the petitioner was exclusively devoting itself were gradually taking place over a long period of years.
It is also clear that the machinery utilized in the manufacture of hand-blown glass had been entirely abandoned and that any salvage value which it might have would be offset by the cost of removal. The petitioner, however, has not shown what the depreciated cost of the abandoned machinery was. The main building of the old plant, which contained the blowing room, had evidently not been abandoned by the petitioner, since it is shown that the roof had been kept in repair. This indicates to our minds that the building was regarded by the petitioner as having some potential value in the future although it ceased to be used when the new plant was erected. Had it been the petitioner’s intention entirely to abandon the building in question it would have been allowed to lapse into a state of complete disrepair. As we said in the case of Marigold Garden Co., et al, 6 B. T. A. 371, “ Until the investment is converted into terms of money by gale or other disposition or its worthlessness otherwise *1271 demonstrated, there is neither loss nor gain and income is neither greater nor less.” See also McAvoy Company, 10 B. T. A. 1017.
In the instant case we are confronted with the impossibility of separating assets obviously abandoned from those clearly not yet abandoned. The petitioner has not separated the depreciated cost of machinery from that of the buildings and since the latter must be held to be assets upon which no obsolescence can be allowed, we are not in a position to allow obsolescence for the machinery, the depreciated cost of which is unknown to us.

Judgment will be entered under Rule 50.